UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CANNON OIL AND GAS WELL SERVICES INC.<br>*Plaintiff*<br><br>v.<br><br>KLX ENERGY SERVICES LLC<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     C.A. No.  4:20-CV-1164 |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDDGE OF SAID COURT:

NOW COMES Plaintiff Cannon Oil and Gas Well Services Inc. ("Plaintiff and/or "Cannon") and pursuant to the United Sates Declaratory Judgment Act, the Texas Declaratory Judgment Act, and other applicable laws, files this Original Complaint for Declaratory Judgment against Defendant KLX Energy Services LLC ("Defendant and/or "KLX")for breach of contractual obligations and other damages; and, in support thereof, Plaintiff would respectfully show as follows:

## I.
## IDENTITY OF PARTIES

1.1   Plaintiff Cannon Oil and Gas Well Services Inc. is a Wyoming corporation having its principal place of business in Rock Springs, Wyoming.

1.2   Defendant KLX Energy Services LLC is a Delaware limited liability company having its headquarters at 1300 Corporate Center Way, Wellington, FL 33414-8599 and a principal place of business at 3040 Post Oak Boulevard, 15th Floor, Houston, Texas 77056. KLX's members are residents of the state of Florida making KLX a citizen of Florida for purposes of diversity jurisdiction.

## II.
## SERVICE

2.1     Defendant may be served with process by serving its registered agent, Corporate Creations Network, Inc. at 5444 Westheimer, #1000, Houston, Texas 77056.

## III.
## SUBJECT MATTER JURISDICTION

3.1     Subject matter jurisdiction is proper in this Court on the basis of diversity jurisdiction in accordance with 28 U.S.C. § 1332 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*  The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

## IV.
## PERSONAL JURISDICTION

4.1     This Court has personal jurisdiction over KLX because KLX is doing business in the State of Texas including maintaining its principal office in Texas in Houston, Harris County, Texas, which is located in this District.

## V.
## VENUE

5.1     Venue of this action in this Court is proper pursuant to 28 U.S.C. § 1391 because KLX is subject to personal jurisdiction in this District and maintains its principal office in Houston, Harris County, Texas, which is located in this District.

## VI.
## FACTS

6.1     On or about September 24, 2015, Cimarex and CP Well entered into a Work Order (hereinafter sometimes referred to as the "KLX Work Order").

6.2     On or about December 4, 2017 Joshua Batchelor ("Batchelor"), an employee of KLX, was assigned work at a well in Carbon County, Wyoming that was owned and operated by

Cannon. Batchelor alleges that he was injured while working at the well, and he instituted litigation in the District Court of Sweetwater County, Wyoming styled *Joshua Batchelor and Theresa Batchelor v. Cannon Oil & Gas Well Service, Inc., a Wyoming corporation; Jacob Doust; and John Does I-X*, Cause No. 19-14-J (hereinafter referred to as the "Underlying Lawsuit").

   6.3 At the time of the incident, KLX was working at the well site pursuant to the KLX Work Order in place between Cannon and KLX dated September 24, 2015.

## VII.
## CONTRACTUAL OBLIGATIONS

   7.1 The KLX Work Order requires KLX as "Contractor" to contractually defend and indemnify Cannon for the claims brought by Joshua Batchelor, based on Section 4 of the Work Order, which provides as follows:

> 4. <u>Indemnity</u>. "<u>Contractor Group</u>" means (i) Contractor, (ii) the affiliated entities of Contractor, (iii) the subcontractors of Contractor, and (iv) the directors, employees, insurers, agents, and invitees of any of the foregoing. "<u>Customer Group</u>" means Customer, (ii) the affiliated entities of Customer, (iii) the contractors and subcontractors of Customer (excluding any member of Contractor Group), (iv) the customers of Customer, and (v) the directors, employees, insurers, agents, and invitees of any of the foregoing. Each party (the "<u>Indemnitor</u>") shall, respectively, release, indemnify, defend and hold harmless the other party's group as defined above (the "<u>Indemnitee Group</u>") from and against any and all claims, demands, liabilities, losses and causes of action (collectively, "<u>Claims</u>") of every kind and character whatsoever, in law, equity, or otherwise, whether fixed or contingent, whether known or unknown, made by any person or entity from, related to (including spouses, children and next of kin), or by or through Indemnitor's respective group, against any person or entity from the respective Indemnitee Group, arising from, relating to, or connected with the Services, this Work Order, or both, including, but not limited to, Claims for bodily injury to, or illness or death of, any member of the Indemnitor's respective group or damage to the Indemnitor's respective group's property, whether real or personal. THE INDEMNITY OBLIGATIONS CONTAINED IN THIS SECTION ARE WITHOUT LIMIT AND WITHOUT REGARD TO THE NEGLIGENCE OF ANY PARTY OR PARTIES, EXPRESSLY INCLUDING THE NEGLIGENCE OF THE INDEMNITEE, WHETHER SUCH NEGLIGENCE BE SOLE, JOINT, OR CONCURRENT, OR ACTIVE OR PASSIVE; <u>PROVIDED, HOWEVER,</u> THAT NO INDEMNITOR SHALL BE LIABLE

TO AN INDEMNITEE TO THE EXTENT OF CLAIMS CAUSED BY SUCH INDEMNITEE'S GROSS NEGLIGENCE OR WILLFUL MISCONDUCT.

\*\*\*

7.2  In particular, Section 4 of the KLX Work Order requires KLX to contractually defend and indemnify Cannon from and against any and all claims "arising from, relating to or connected with the Services, this Work Order, or both, including, but not limited to, claims for bodily injury to … any member of the Indemnitor's respective Group."

7.3  Based on Section 4, "Indemnitor's respective Group" includes the employees of KLX such as Joshua Batchelor. As a result, KLX is required to contractually defend and indemnify Cannon in the Underlying Lawsuit.

7.4  In Section 4, the KLX Work Order also provides that KLX and Cannon will support its indemnity obligation with not less than $2 Million in liability insurance as follows:

> Each party will support its indemnity obligations by purchasing not less than $2,000,000 in liability insurance coverage to be furnished by the Indemnitor. The obligation of the parties to purchase and maintain insurance shall not, in any manner, limit or qualify, in any way, the liabilities and obligations assumed by the parties hereunder.

7.5  To the extent KLX maintains more than $2 Million liability insurance, Cannon is entitled to contractual indemnity up to the common limits or mutually procured limits of insurance obtained by KLX and Cannon, as provided by The Texas Oilfield Anti-Indemnity Act.

7.6  KLX maintained commercial general liability insurance policy with Zurich American Insurance Co. of Pittsburgh, Pa. ("Zurich") for the policy period of August 19, 2017 to August 19, 2018 (the "KLX primary policy") with limits of $1 Million per occurrence. Upon information and belief KLX carried excess insurance as well, but Cannon does not know the limits.

7.7  Cannon maintained an Energy Pro Policy with St. Paul Fire and Marine Insurance that provided Oil and Gas General Liability Protection for the policy period of December 31, 2016 to December 31, 2017 with an each event limit of $1 Million (the "Cannon primary policy") and

also provided Oil and Gas Commercial Umbrella Excess Liability Protection for the same policy period with a $10 Million each event limit of liability (the "Cannon excess policy").

7.8   As set forth above, Section 4 of the KLX Work Order requires each party to provide liability insurance to support their mutual indemnity obligations with "not less than" $2 Million of liability insurance.  The purpose and meaning of the "not less than" language is that the work order along does not state the amount of liability insurance that each party has agreed to procure in support of their respective mutual contractual indemnity obligations.  Rather, it merely specifies the least amount that each is obligated to procure.  The "not less than" language together with the Texas Oilfield Anti-Indemnity Act required KLX to support its contractual indemnity obligation in Section 4 with the greatest amount of liability insurance policy KLX and Cannon mutually procured.

## VIII.
## CANNON IS ENTITLED TO INDEMNITY FROM KLX UNDER THE KLX WORK ORDER

8.1   On or about February 18, 2019, KLX agreed to contractually defend and indemnify Cannon.  However, KLX has not specified the limits of that contractual indemnity as per the Texas Oilfield Anti-Indemnity Act and KLX's actual agreement to procure liability insurance in support of its own contractually-assumed liabilities.

8.2   Because the KLX Work Order requires KLX and Cannon to maintain $2 Million of liability insurance to support their respective indemnity obligations, Cannon is entitled to contractual indemnity from CP Well for at least $2 Million.

## IX.
## CLAIM FOR DECLARATORY JUDGMENT AND OTHER DAMAGES

9.1   An actual controversy has arisen and now exists between the Plaintiff and Defendant relating to the duty of KLX to defend and indemnify Cannon in the Underlying Lawsuit.

This controversy is whether KLX owes an obligation to contractually defend and indemnify Cannon for up to the amount of mutually procured liability insurance. Therefore, a Declaratory Judgment is necessary, and Cannon requests this Court to declare its rights under the KLX Work Order.

9.2 Cannon has retained the law firm of Phelps Dunbar LLP to represent it in this litigation, and Cannon has agreed to pay this firm all reasonable and necessary attorney's fees and expenses. An award of these attorney's fees and expenses incurred by Cimarex would be equitable and just, and Cannon seeks recovery of attorney's fees and expenses pursuant to Section 37.009 of the Texas Civil Practices and Remedies Code and all other applicable provisions of Texas, Federal, and other law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Cannon respectfully prays that KLX be cited to appear and answer, and that Cannon be awarded a judgment against KLX as follows:

(a) That this Honorable Court declare that KLX has a contractual duty to defend and indemnify Cannon for the claims brought by Joshua Batchelor for the amount of mutually procured liability insurance.

(b) That this Honorable Court award Cannon its attorney fees and expenses incurred in filing and pursing this breach of contract and declaratory judgment action;

(c) That Cannon be awarded its Court costs in this action; and

(d) That Cannon be awarded such other and further relief to which they may show themselves to be justly entitled.

Respectfully Submitted,

_____
Marcus R. Tucker
Texas Bar No. 20282360
Federal ID No. 12769
marcus.tucker@phelps.com
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone:  (713) 626-1386
Facsimile:  (713) 626-1388

**ATTORNEYS FOR CANNON OIL AND GAS WELL SERVICES INC.**